## S95A1971. COLEMAN v. THE STATE.
### (465 SE2d 444)

CARLEY, Justice.

After a jury trial, Henry Coleman was found guilty of felony murder while in the commission of an aggravated assault and also of possession of a firearm during the commission of a crime. He appeals from the judgments of conviction and sentences entered on the jury's guilty verdicts.[1]

1. The evidence shows that Coleman went to his sister-in-law's trailer to find his wife, heard her voice inside and saw the victim, whom Coleman suspected of having an adulterous affair with his wife and who was naked at the time. After a scuffle, Coleman shot the victim while he was running away, and the victim died a few weeks later. Coleman contends that the shooting was justified as necessary to prevent the commission of adultery and he asks this court to overrule *Burger v. State*, 238 Ga. 171 (1) (231 SE2d 769) (1977). However, even under the law as it existed prior to *Burger*, a homicide under circumstances such as those found in the instant case was not justifiable as necessary to prevent adultery. *Mays v. State*, 88 Ga. 399 (14 SE 560) (1891). The jury was authorized to find Coleman guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court did not err in failing to give an unrequested charge on involuntary manslaughter. *Kilpatrick v. State*, 255 Ga. 344, 345 (2) (338 SE2d 274) (1986); *Colbert v. State*, 250 Ga. 126 (296 SE2d 588) (1982).

3. Coleman contends that the trial court, in its charge on the various forms of homicide, implied that he is guilty of some offense. In determining whether the trial court improperly expressed an opinion as to guilt in its charge, the whole charge must be considered. *Mullinax v. State*, 255 Ga. 442, 445 (4) (339 SE2d 704) (1986). The record shows that the trial court specifically charged the jury that it was not implying that Coleman should be found guilty of any offense. Accordingly, we find no error.

*Judgments affirmed. All the Justices concur.*

---

[1] The crimes occurred on May 21, 1992 and Coleman was indicted on November 2, 1992. The verdicts were returned on June 7, 1994 and, on July 18, 1994, the trial court imposed a life sentence for the felony murder count and a consecutive five-year sentence for the remaining count. Coleman's motion for new trial was also filed on July 18, 1994 and was denied on April 26, 1995. The notice of appeal was filed on May 3, 1995 and the case was docketed in this Court on September 7, 1995. The appeal was submitted for decision on October 30, 1995.

Decided January 22, 1996.

*Stanley C. House,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Wesley S. Horney, Assistant Attorney General,* for appellee.